UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

WANDA BRUNO,

           Plaintiff,

-vs-                                             Case No. 6:05-cv-952-Orl-31JGG

99 CENT SUPER CENTER, LLC,

           Defendant.
_____

REPORT AND RECOMMENDATION

TO THE UNITED STATES DISTRICT COURT

    This cause came on for consideration on January 27, 2006, on the following motions:

| MOTION: | JOINT MOTION TO APPROVE SETTLEMENT AND DISMISS CASE (Doc. No. 24) |
|---|---|
| FILED: | January 6, 2006 |
| **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**. | |

| MOTION: | MOTION FOR ATTORNEY FEES AND COSTS (Doc. No. 25) |
|---|---|
| FILED: | January 6, 2006 |
| **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**. | |

    Plaintiff Wanda Bruno sued Defendant 99 Cent Super Center, LLC for violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 216(b) ("FLSA"), for allegedly failing to pay

her overtime wages. The parties filed a Joint Motion to approve the settlement and dismiss the case [Docket No. 24] on January 6, 2006. As part of the proposed settlement, the Court was to determine the amount of attorneys' fees and costs to be awarded. [Docket No. 24.] Therefore, a motion for attorneys' fees and costs also was filed. [Docket No. 25.] On January 9, 2006, the Honorable Gregory A. Presnell referred the matter to this Court for issuance of a Report and Recommendation. A hearing on both motions was held on January 27, 2006.

I.  THE LAW

    A.  Approval of Settlements

Congress enacted the FLSA to protect workers from low wages and long hours that can result from the inequality in bargaining power between employers and employees. The FLSA, therefore, provides that "[a]ny employer who violates the provisions of section 206 or 207 of this title shall be liable to the employee . . . affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be. . . ." 29 U.S.C. §216(b). The FLSA's provisions are mandatory and, except in two narrow circumstances generally are not subject to bargaining, waiver, or modification by contract or settlement. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945). The two circumstances in which FLSA claims may be compromised are claims that are 1.) supervised by the Secretary of Labor pursuant to 29 U.S.C. § 216(c) and 2.) when a court reviews and approves a settlement in a private action for back wages under 29 U.S.C. § 216(b). *Lynn's Food Stores, Inc. v. United States, U.S. Dep't of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982).

Before the Court may approve the settlement, it must scrutinize the settlement to determine whether it is a fair and reasonable resolution of a bona fide dispute. *Id.* at 1354-55. If a settlement in an employee FLSA suit reflects "a reasonable compromise over issues," such as FLSA coverage

or computation of back wages that are "actually in dispute," the court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354. Where the employer offers the plaintiff full compensation on her FLSA claim, no compromise is involved and judicial approval is not required. *MacKenzie v. Kindred Hosp. East, L.L.C.*, 276 F. Supp. 2d 1211, 1217 (M.D. Fla. 2003).

In determining whether the settlement is a fair and reasonable resolution, the Court adopts the factors used in approving the settlement of class actions:

> (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel.

*See Leverso v. SouthTrust Bank of Ala., Nat. Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994). When considering these factors, the Court should keep in mind the "strong presumption" in favor of finding a settlement fair. *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir.1977). Moreover, the Court is aware, as the parties must also be, that a "settlement is a compromise, a yielding of the highest hopes in exchange for certainty and resolution." *In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 806 (3d Cir.1995), *citing Cotton*, 559 F.2d at 1330.

### B. Awards of Reasonable Attorneys' Fees and Costs

An award of "reasonable attorneys' fee[s] . . . and costs" is mandatory under § 216(b) if the employer is held liable. Although the court is obligated to award the attorneys' fees, Congress's use of the word "reasonable" confers discretion upon the court to determine the amount of fees to be awarded. In determining the reasonableness of attorneys' fees pursuant to a fee-shifting statute, the

lodestar generally is recognized as a reasonable fee. *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992).[1]

Even a contested request for attorneys' fees "should not result in a second major litigation." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). The party seeking attorneys' fees bears the initial burden of submitting adequate documentation of the hours reasonably expended and of the attorney's qualifications and skill. *See id.* at 433, 437. Further, fee counsel must "supply the court with specific and detailed evidence from which the court can determine the reasonable hourly rate." *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1303 (11th Cir.1988). Satisfactory evidence of the prevailing market rate "at a minimum is more than the affidavit of the attorney performing the work," and must address rates actually billed and paid in similar lawsuits. *Id.* at 1299. Where the documentation is inadequate, the district court must still determine a reasonable fee, which it may do without further pleadings or an evidentiary hearing. *Id.* at 1303. This is because the court itself is an expert on the question and "may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Id.* (quoting *Campbell v. Green*, 112 F.2d 143, 144 (5th Cir. 1940)).

The award of costs is made in accordance with 28 U.S.C. § 1920. *Goss v. Killian Oaks House of Learning*, 248 F. Supp. 2d 1162, 1169 (S.D. Fla. 2003). In an FLSA action, it is error for a district court to award costs in excess of those permitted by § 1920. *Glenn v. Gen. Motors Corp.*, 841 F.2d 1567 (11th Cir. 1988) (district court erred in awarding expert witness fees under §216(b) that exceeded

---

[1] The lodestar is calculated by multiplying the number of hours reasonably expended by a reasonable hourly rate. A reasonable hourly rate is "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir.1988).

the amount allowed by § 1920). Likewise, a district court must identify reasons for denying costs to a prevailing party so that the appellate court has some basis to review whether the district court acted within its discretionary power. *Head v. Medford.* 62 F.3d 351, 354 (11th Cir. 1995).

## II. APPLICATION

Plaintiff was employed by Defendant and claimed that she was not compensated at the rate of one and one-half times her regular hourly rate for hours worked in excess of 40 hours per week. Defendant denied these allegations. The Court, therefore, finds there was a bona fide dispute as to liability. The parties also disputed the number of overtime hours worked by Plaintiff.

As a compromise, Defendant agreed to pay Bruno $416 in back wages and $130 for bank fees. In terms of fairness of the settlement, each party was independently represented by counsel. Counsel were obligated to vigorously represent their clients' rights. Based on a review of Plaintiff's counsel's billing records and the parties' conduct during the settlement conference, there is no suggestion of collusion. Both parties request that the settlement be approved. The settlement is a fair and reasonable resolution of a bona fide dispute.

Defendant opposes the amount of attorneys' fees sought by Plaintiff's counsel, but does not contest the amount of costs. Defendant argues that Plaintiff's counsel failed to meet her burden of proof that $200 per hour is a reasonable hourly rate for a third year associate in Orlando. Defendant also argues that the amount of time spent by the attorney was a little excessive, and seeks to reduce the number of hours compensated from 13.7 hours to 12.2 hours. Defendant also contests the $95 per hour rate charged for the 4.4 hours of paralegal services. Last, Defendant argues that the lodestar amount should be reduced because Plaintiff only recovered one-half of the amount sought.

Based on the arguments presented and the Court's own knowledge and experience concerning reasonable and proper fees, a reasonable hourly rate for the attorney's work in this case is $150 per hour and a reasonable hourly rate for paralegal services is $80 per hour. The number of hours claimed by Plaintiff's counsel and her paralegals are reasonable, and no reduction in the number of hours is warranted. Finally, the Court is not persuaded that the lodestar should be reduced. Therefore, a reasonable amount for attorneys' fees is $2,407 [(13.7 hours x $150) + (4.4 hours x $80)]. Recoverable costs equal $305.

Therefore it is **RECOMMENDED** that:

1. The Court approve the settlement reached by the parties;

2. The Court award to Plaintiff the amount of $2,712 as reasonable attorneys' fees and costs, and enter judgment in favor of Plaintiff;

3. The Court dismiss the case with prejudice; and

4. The Clerk be directed to close the case.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on January 27, 2006.

JAMES G. GLAZEBROOK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
The Honorable Gregory A. Presnell
Counsel of Record
Courtroom Deputy